■ In the Matter of S. J. R. Restaurant Corp., Respondent, v. State Liquor Authority, Appellant.— In a proceeding pursuant to article 78 of the CPLR to annul appellant's determination dated February 10, 1971 disapproving petitioner's application for an approval of a corporate change, the appeal is from a judgment of the Supreme Court, Kings County, entered May 3, 1971, which granted the petition and ordered appellant to approve petitioner's application. Judgment reversed, on the law, with $10 costs and disbursements, petition dismissed and determination confirmed. Appellant denied petitioner's application to change its corporate structure. The change involved the sale of 33⅓% of petitioner's capital stock by the principal stockholder, Sylvia Rubin, to Seymour Smith. Based on Smith's arrest record, his license history which included a seven-day suspension of his former liquor license in 1962 and a denial of his application for a new license for different premises in 1967 due to false material statements, and petitioner's own license history which included a 10-day suspension in 1965 for permitting gambling on its premises, appellant concluded that approval of the transfer would involve a high degree of risk in the administration and enforcement of the law. We cannot say that under these findings the determination of the Authority lacks a reasonable basis. It is for the Authority to assess whether the proposed transferee is a person who will properly conduct the premises (*Matter of Barton Trucking Corp.* v. *O'Connell,* 7 N Y 2d 299). Where there are facts presented from which such a conclusion can reasonably be drawn, the conclusion is for the Authority rather than the court (*Matter of Wager* v. *State Liq. Auth.,* 4 N Y 2d 465). Munder, Acting P. J., Martuscello, Latham, Shapiro and Gulotta, JJ., concur.